UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT RASNICK, | : | Case No.:  1:11-cv-754 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| vs. | : | |
| | : | |
| ESTES EXPRESS LINES, | : | |
| | : | |
| Defendant. | : | |

## STIPULATED PROTECTIVE ORDER

The parties to this action have stipulated and agreed that discovery may involve production of confidential, proprietary or trade secret information.  In view of this stipulation, the Court finds that good cause exists for issuance of a Protective Order.  Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

1. This Stipulated Protective Order (the "Protective Order") governs the handling of specific designated documents, things and other information obtained during the course of discovery in this proceeding.  All designated confidential information produced or disclosed in the course of discovery in this proceeding shall be used by the parties receiving it solely for the purpose of preparing for and conducting pretrial and trial proceedings in this matter, and for no other purpose.

2. As used in this Protective Order, the term "Confidential Information" means information stamped as "Confidential" by a party producing such information (the "Producing Party"), and constituting any document, or designated portion of any document, which is confidential or trade secret information entitled to protection pursuant to Rule 26(c), whether

revealed during a deposition, in a document, in an interrogatory answer, or otherwise, in connection with this litigation.

3. A Producing Party may designate any discovery material as Confidential Information under the terms of this Protective Order by stamping or otherwise designating the document, or the affected portion of the document, as "Confidential" at the time of the production of the materials or within seven (7) days thereafter by express written notice.

4. "Confidential" discovery material and information derived therefrom shall be produced only to counsel of record for the parties in this proceeding and may be disclosed by such counsel only to the following persons:

    a. The attorneys appearing on behalf of the parties to this proceeding, their respective firms and employees;

    b. Any person expressly retained by any attorney described in subparagraph (a) above or by the parties to assist in the preparation of this proceeding, to testify at trial or for any other proceedings in this proceeding;

    c. The parties to this proceeding and any employee and/or representative designated by a party to act on his, her, or its behalf in connection with this litigation;

    d. Any person who is questioned as a witness in this proceeding at a deposition or at trial, but only to the extent that the disclosure takes place in the course of the examination in the presence of opposing counsel;

    e. Any other person whom the Producing Party agrees in writing, or whom the Court directs, should have access to such material; and

    f. The Court and its representatives and employees.

Additionally, a party may disclose material designated as Confidential Information, or information derived therefrom, in response to a lawful subpoena in other litigation, provided that prior to responding to such a subpoena a copy of the subpoena shall be provided to counsel for the opposing party as soon as practicable after having been served with the subpoena, and the opposing counsel is allowed time to seek a protective order.

5. In the event a party seeks to maintain as confidential pursuant to this Protective Order all or a portion of any deposition testimony which qualifies for designation as "Confidential Information" under the standards set forth in paragraph 2 hereof, such party shall assert such intention in writing no later than 7 business days after receipt of the transcript of the deposition in question. All materials in the deposition transcript will be treated as Confidential Information until the foregoing period has expired; thereafter, only those portions properly designated as confidential will be treated as Confidential Information governed by this Protective Order.

6. Each of the persons listed in paragraph 4 (b), (c), (d), or (e) above who in the course of this litigation is given access to discovery material designated as Confidential Information or information derived therefrom, shall be advised that the material or information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof.

7. Before any person described in paragraph 4 (b), (c), (d), or (e) above is given access to any of the discovery materials designated as Confidential Information, he or she shall agree to be bound by the terms of this Protective Order.

8. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced, or (ii) if produced, whether such material properly can be considered Confidential Information which should be subject to the terms of this Protective Order.

9. Within 30 days after the termination of this proceeding, all discovery material designated as Confidential Information, and all copies thereof, shall be returned to the Producing Party, or such confidential discovery material shall be certified to have been destroyed.

10. If any party objects to the designation of any discovery material as Confidential Information, the objecting party must first notify the Producing Party of its objection, in writing, and the parties shall confer in a good faith effort to resolve their dispute without judicial intervention. In the event that the parties are unable to resolve the matters in dispute, then the objecting party may move this Court for an order that such discovery material shall not be treated as designated. Until the Court rules on any such motion, the information in question shall be treated as designated Confidential Information and shall be subject to the terms of this Protective Order.

11. Subject to all proper evidentiary objections, any party may use in depositions and at trial any of the information which has been designated as Confidential pursuant to the terms of this Protective Order; provided that all parties reserve their respective rights to request the Court to take appropriate measures for depositions and at trial to preserve the confidentiality of such information should such party believe that additional measures are necessary or appropriate.

12. This Protective Order shall be entered of record with the Court and have the force and effect of an Order of the Court. It shall continue fully in effect after the termination of this litigation and may be modified only in writing by further order of the Court.

13. By stipulating to this Protective Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work-product doctrine, or any other protection, law, or regulation, or to

seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

14. Nothing in this Protective Order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.

15. If a party inadvertently produces Confidential Information without the required "Confidential" stamp, the Producing Party shall, within five business days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall treat the material identified in the notice as Confidential Information until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party made within ten (10) days of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject material. A party shall not be deemed to have waived any right to designate material as Confidential Information by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

16. This Protective Order shall not apply to the disclosure of Confidential Information or the information contained therein at the time of trial, through the receipt of Confidential Information into evidence or through the testimony of witnesses, or in any alternative dispute resolution proceeding including arbitration and mediation. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial.

17. Except by order of the Court, this Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

18. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

DATED this  5th  day of    March         , 2012.

BY THE COURT:

 s/Michael R. Barrett
United States District Judge

Read and Agreed:

/ s / Brian J. Augustine
Brian J. Augustine (0084818)
Roetzel & Andress, LPA
250 East Fifth Street, Suite 310
Cincinnati, Ohio 45202
Telephone: 513-361-0200
Facsimile: 513-361-0335
Baugustine@ralaw.com

*Trial Attorney for Defendant,*
*Estes Express Lines*

David L. Terry, NC State Bar No. 11113
Poyner Spruill, LLP
301 South College Street, Suite 2300
Charlotte, NC 28202
Telephone: 704.342.5272
Facsimile: 704.342.5264
dterry@poynerspruill.com

*Counsel for Defendant,*
*Estes Express Lines*

/ s / Neal D. Jacobs
Neal D. Jacobs
5374(A) Cox-Smith Road
Mason, Ohio 45040
ndjacbos@fuse.net
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned attorney, an attorney of record, certifies that a copy of the foregoing was served on the following attorney through the Court's ECF filing system on March 2, 2012:

Neil D. Jacobs, Esq.
Attorney at Law
5374(A) Cox-Smith Road
Mason, OH 45040
ndjacbos@fuse.net

/ s / Brian J. Augustine
Brian Augustine